2011 MAR 22 P 5: 07
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1 THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2 THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
3 San Rafael, CA 94903
Telephone: 415/674-8600
4 Facsimile: 415/674-9900

5 Attorneys for Plaintiff
CRAIG YATES, an individual
6

**E-filing**

7 **UNITED STATES DISTRICT COURT**

8 **NORTHERN DISTRICT OF CALIFORNIA**

9 CRAIG YATES, an individual, ) **CASE NO. CV 11 1371**
) **Civil Rights**
10 Plaintiff, )
)
11 v. ) **COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES:**
12 HOME PLATE CAFÉ; NICHOLAS W. )
JOHNSON and TERRI PIPER-JOHNSON, ) **1st CAUSE OF ACTION:** For Denial of Access
13 CO-TRUSTEES of the NICK JOHNSON ) by a Public Accommodation in Violation of the
Americans with Disabilities Act of 1990 (42
14 and TERRI PIPER-JOHNSON, 2005 ) U.S.C. §12101, *et seq.*)
TRUST, UAD OCTOBER 17, 2005; )
15 REBECCA FISHER STORY and ) **2nd CAUSE OF ACTION:** For Denial of Full
and Equal Access in Violation of California
16 WALLACE L. AMUNDSON, TRUSTEES ) Civil Code §§54, 54.1 and 54.3
of the REBECCA C. FISHER TRUST dated )
17 OCTOBER 17, 2005; MATTHEW ) **3rd CAUSE OF ACTION:** For Denial of
Accessible Sanitary Facilities in Violation of
18 HOWELL; JAMES AGAPOFF JR.; and ) California Health & Safety Code §19955, *et seq.*
MARY PEGEEN CARDOZA, an individual )
19 dba HOME PLATE CAFÉ, ) **4th CAUSE OF ACTION:** For Denial of
Access to Full and Equal Accommodations,
20 ) Advantages, Facilities, Privileges and/or
Defendants. ) Services in Violation of California Civil Code
21 ) §51, *et seq.* (The Unruh Civil Rights Act)
_____ )
22

23 **DEMAND FOR JURY**

24

25

26

27

28

1    Plaintiff CRAIG YATES, an individual, complains of defendants NICHOLAS W.
2  JOHNSON and TERRI PIPER-JOHNSON, CO-TRUSTEES of the NICK JOHNSON and
3  TERRI PIPER-JOHNSON, 2005 TRUST, UAD OCTOBER 17, 2005; REBECCA FISHER
4  STORY and WALLACE L. AMUNDSON, TRUSTEES of the REBECCA C. FISHER TRUST
5  dated OCTOBER 17, 2005; MATTHEW HOWELL; JAMES AGAPOFF JR.; and MARY
6  PEGEEN CARDOZA, an individual dba HOME PLATE CAFÉ and alleges as follows:
7  **INTRODUCTION:**

8    1.    This is a civil rights action for discrimination against persons with physical
9  disabilities, of which class plaintiff CRAIG YATES and the disability community are members,
10  for failure to remove architectural barriers structural in nature at defendants' HOME PLATE and
11  surrounding cooperative places of public accommodations, a place of public accommodation,
12  thereby discriminatorily denying plaintiff and the class of other similarly situated persons with
13  physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and
14  benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks
15  injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C.
16  §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety
17  Code §19955, *et seq.*

18    2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about
19  November 13, 2010, January 16, 2011, February 12, 2011 and March 6, 2011, was an invitee,
20  guest, patron, customer at defendants' HOME PLATE CAFÉ and surrounding cooperative places
21  of public accommodations, in the City of Calistoga, California. At said times and place,
22  defendants failed to provide proper legal access to the cafe, which is a "public accommodation"
23  and/or a "public facility" including, but not limited to common signage, common parking,
24  entrance(s), unisex restroom. The denial of access was in violation of both federal and California
25  legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and
26  equal access, and was embarrassed and humiliated.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1 | **JURISDICTION AND VENUE:**

2      3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.
3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.
4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6 California law, whose goals are closely tied with the ADA, including but not limited to violations
7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
8 *seq.*, including §19959; California Building Code.

9      4.     **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10 founded on the facts that the real property which is the subject of this action is located at/near
11 2448 Foothill Boulevard, in the City of Calistoga, County of Napa, State of California, and that
12 plaintiff's causes of action arose in this county.

13 | **PARTIES:**

14      5.     Plaintiff CRAIG YATES is a "physically handicapped person", a "physically
15 disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
16 disabled", "physically handicapped" and "person with physical disabilities" are used
17 interchangeably, as these words have similar or identical common usage and legal meaning, but
18 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
20 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
21 CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
22 and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a
23 wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
24 portion of the public whose rights are protected by the provisions of Health & Safety Code
25 §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
26 Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
27 Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
28 §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

6. Defendants NICHOLAS W. JOHNSON and TERRI PIPER-JOHNSON, CO-TRUSTEES of the NICK JOHNSON and TERRI PIPER-JOHNSON, 2005 TRUST, UAD OCTOBER 17, 2005; REBECCA FISHER STORY and WALLACE L. AMUNDSON, TRUSTEES of the REBECCA C. FISHER TRUST dated OCTOBER 17, 2005; MATTHEW HOWELL; JAMES AGAPOFF JR.; and MARY PEGEEN CARDOZA, an individual dba HOME PLATE CAFÉ (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as HOME PLATE CAFÉ and surrounding areas of cooperative properties which are public accommodations, located at/near 2448 Foothill Boulevard, California, or of the building and/or buildings which constitute said public accommodation.

7. At all times relevant to this complaint, defendants NICHOLAS W. JOHNSON and TERRI PIPER-JOHNSON, CO-TRUSTEES of the NICK JOHNSON and TERRI PIPER-JOHNSON, 2005 TRUST, UAD OCTOBER 17, 2005; REBECCA FISHER STORY and WALLACE L. AMUNDSON, TRUSTEES of the REBECCA C. FISHER TRUST dated OCTOBER 17, 2005; MATTHEW HOWELL; JAMES AGAPOFF JR.; and MARY PEGEEN CARDOZA, an individual dba HOME PLATE CAFÉ, own and operate in joint venture the subject cooperative buildings, properties, elements and HOME PLATE CAFE as public accommodation(s). Each is a business open to the general public and conducts business therein. The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

1        8.     At all times relevant to this complaint, defendants NICHOLAS W. JOHNSON

2 and TERRI PIPER-JOHNSON, CO-TRUSTEES of the NICK JOHNSON and TERRI PIPER-

3 JOHNSON, 2005 TRUST, UAD OCTOBER 17, 2005; REBECCA FISHER STORY and

4 WALLACE L. AMUNDSON, TRUSTEES of the REBECCA C. FISHER TRUST dated

5 OCTOBER 17, 2005; MATTHEW HOWELL; JAMES AGAPOFF JR.; and MARY PEGEEN

6 CARDOZA, an individual dba HOME PLATE CAFÉ are jointly and severally responsible to

7 identify and remove architectural barriers within the common areas at/near/part of the subject

8 HOME PLATE CAFE pursuant to Code of Federal Regulations title 28, section 36.201(b), which

9 states in pertinent part:

10        **§ 36.201     General**

11                     (b) *Landlord and tenant responsibilities.* Both the landlord
who owns the building that houses a place of public
12                accommodation and the tenant who owns or operates the place of
public accommodation are public accommodations subject to the
13                requirements of this part. As between the parties, allocation of
responsibility for complying with the obligations of this part may
14                be determined by lease or other contract.

15                28 CFR §36.201(b)

16 **PRELIMINARY FACTUAL ALLEGATIONS:**

17        9.     The HOME PLATE CAFÉ is part of a cooperative defined as and used

18 interchangeably throughout as "other public accommodations" whose common areas serve the

19 whole. HOME PLATE CAFÉ is located at/near 2448 Foothill Boulevard, Calistoga, California

20 94515. The HOME PLATE CAFÉ and common areas, its common signage, common parking,

21 entrance(s), unisex restroom, and its other facilities are each a "place of public accommodation

22 or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.

23 On information and belief, each such facility has, since July 1, 1970, undergone "alterations,

24 structural repairs and additions," each of which has subjected the HOME PLATE CAFÉ and

25 common areas and each of its facilities, its common signage, common parking, entrance(s) and

26 unisex restroom to disability access requirements per the Americans with Disabilities Act

27 Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    10.    On or about 2005, defendants' and each of them purchased and/or

2  took possessory control of the premises now known as HOUSE PLATE CAFÉ, surrounding

3  public accommodations and common areas. At all times prior thereto, defendants' and each of

4  them were aware of their obligation prior to the close of escrow, or upon taking possessory

5  interest that public accommodations had a duty to identify and remove architectural barriers and

6  were aware that said public accommodations were not accessible to the disabled. Nevertheless,

7  defendants' and each of them, operated HOME PLATE CAFÉ and surrounding public

8  accommodations as though all were accessible.

9    11.    At all times stated herein, defendants' and each of them with the knowledge that

10  each of them had a continuing obligation to identify and remove architectural barriers where it

11  was readily achievable to do so, failed to adopt a transition plan to provide better and/or

12  compliant access to the subject accommodation.

13    12.    At all times referred to herein and continuing to the present time, defendants, and

14  each of them, advertised, publicized and held out the HOME PLATE CAFÉ and surrounding

15  public accommodations, common areas as being handicapped accessible and handicapped usable.

16    13.    On or about November 13, 2010, January 16, 2011, February 12, 2011 and March

17  6, 2011, plaintiff CRAIG YATES was an invitee and guest at the subject HOME PLATE CAFE,

18  for purposes of food and beverage.

19    14.    On or about November 13, 2010, January 16, 2011, February 12, 2011 and March

20  6, 2011, plaintiff CRAIG YATES drove his van into the (common area) parking lot which serves

21  the HOME PLATE CAFÉ, and other public accommodation(s). Plaintiff CRAIG YATES found

22  that there were no parking stalls for the disabled, signage for disabled parking and no directional

23  signage to the accessible entrance(s).

24    15.    On or about November 13, 2010, January 16, 2011, February 12, 2011 and March

25  6, 2011, plaintiff CRAIG YATES encountered an inaccessible entrance to HOME PLATE

26  CAFÉ. Plaintiff CRAIG YATES stressed and strained himself struggling to open the door itself

27  of the subject restaurant due to excessive door pressure.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1   Plaintiff CRAIG YATES also encountered a dining area which did not provide for an accessible

2   seating arrangement. Further, plaintiff CRAIG YATES on each and every occasion encountered

3   an inaccessible unisex restroom.

4         16.    On or about November 18, 2010, plaintiff CRAIG YATES wrote the landlord and

5   tenant about access issues. Plaintiff CRAIG YATES received only one (1) response. Plaintiff

6   CRAIG YATES received a letter dated November 29, 2010, from Mary Cardoza of HOME

7   PLATE. In essence, she stated other disabled persons did not have the problems complained of

8   and that she would look into hiring an architect to review the situation; thereafter, as late as

9   March 6, 2011, no remedial work had been undertaken. On December 16, 2010, plaintiff

10   responded to Ms. Cardoza's letter. Said letters are attached hereto collectively as exhibit "A"

11   and incorporated by reference as though fully set forth herein.

12         17.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

13   disability, encountered the following inaccessible elements of the subject HOME PLATE CAFÉ

14   and surrounding common areas of other public accommodations making up the cooperative,

15   which constituted architectural barriers and a denial of the proper and legally-required access to a

16   public accommodation to persons with physical disabilities including, but not limited to:

17             a.    lack of directional signage to show accessible routes of travel, i.e., entrances;

18

19             b.    lack of the requisite type and number of disabled parking stall(s);

20             c.    lack of disabled van accessible parking stall(s);

21             d.    lack of handicapped accessible parking signage;

22             e.    lack of tow-a-way signage;

23             f.    lack of an accessible entrance at HOME PLATE CAFE;

24             g.    lack of an accessible dining area; 5% compliance requirement;

25             h.    lack of a handicapped-accessible unisex public restroom;

26             i.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

27

28

1    18.    At all times stated herein, the existence of architectural barriers at defendants'
2  place of public accommodation evidenced "actual notice" of defendants' intent not to comply
3  with the Americans with Disabilities Act of 1990 either then, now or in the future.

4    19.    At all times stated herein, defendants, and each of them, did not act as reasonable
5  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
6  removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from
7  receiving the same goods and services as able-bodied people and some of which may and did pose
8  a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of
9  defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered
10  bodily injury.

11    20.    As a legal result of defendants NICHOLAS W. JOHNSON and TERRI PIPER-
12  JOHNSON, CO-TRUSTEES of the NICK JOHNSON and TERRI PIPER-JOHNSON, 2005
13  TRUST, UAD OCTOBER 17, 2005; REBECCA FISHER STORY and WALLACE L.
14  AMUNDSON, TRUSTEES of the REBECCA C. FISHER TRUST dated OCTOBER 17, 2005;
15  MATTHEW HOWELL; JAMES AGAPOFF JR.; and MARY PEGEEN CARDOZA, an
16  individual dba HOME PLATE CAFÉ's failure to act as a reasonable and prudent public
17  accommodation in identifying, removing or creating architectural barriers, policies, practices and
18  procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the
19  damages as alleged herein.

20    21.    As a result of the denial of equal access to defendants' facilities due to the acts and
21  omissions of defendants, and each of them, in owning, operating and maintaining these subject
22  public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
23  rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical
24  discomfort, bodily injury on or about November 13, 2010, January 16, 2011, February 12, 2011
25  and March 6, 2011, including, but not limited to, fatigue, stress, strain and pain in wheeling and
26  attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.
27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1   Specifically, as a legal result of defendants negligence in the design, construction and
2   maintenance of the existing entry door pressure, plaintiff suffered continuous, repetitive and
3   cumulative trauma to his right upper extremity while attempting to open the entry door.

4         22.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
5   mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
6   embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
7   person with physical disabilities being denied access, all to his damages as prayed hereinafter in
8   an amount within the jurisdiction of this court. No claim is being made for mental and emotional
9   distress over and above that usually associated with the discrimination and physical injuries
10   claimed, and no expert testimony regarding this usual mental and emotional distress will be
11   presented at trial in support of the claim for damages.

12         23.     Defendants', and each of their, failure to remove the architectural barriers
13   complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
14   accommodation, and continues to create continuous and repeated exposure to substantially the
15   same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.
16   ///
17   ///
18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

1    24.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility
2  by defendants NICHOLAS W. JOHNSON and TERRI PIPER-JOHNSON, CO-TRUSTEES of
3  the NICK JOHNSON and TERRI PIPER-JOHNSON, 2005 TRUST, UAD OCTOBER 17, 2005;
4  REBECCA FISHER STORY and WALLACE L. AMUNDSON, TRUSTEES of the REBECCA
5  C. FISHER TRUST dated OCTOBER 17, 2005; MATTHEW HOWELL; JAMES AGAPOFF
6  JR.; and MARY PEGEEN CARDOZA, an individual dba HOME PLATE CAFÉ, because
7  defendants NICHOLAS W. JOHNSON and TERRI PIPER-JOHNSON, CO-TRUSTEES of the
8  NICK JOHNSON and TERRI PIPER-JOHNSON, 2005 TRUST, UAD OCTOBER 17, 2005;
9  REBECCA FISHER STORY and WALLACE L. AMUNDSON, TRUSTEES of the REBECCA
10  C. FISHER TRUST dated OCTOBER 17, 2005; MATTHEW HOWELL; JAMES AGAPOFF
11  JR.; and MARY PEGEEN CARDOZA, an individual dba HOME PLATE CAFÉ maintained
12  common areas of a cooperative and the HOME PLATE CAFÉ without access for persons with
13  physical disabilities to its facilities, including but not limited to common signage, common
14  parking, entrance(s), unisex restroom, and other public areas as stated herein, and continue to the
15  date of filing this complaint to deny equal access to plaintiff and other persons with physical
16  disabilities in these and other ways.

17    25.    On information and belief, construction alterations carried out by defendants have
18  also triggered access requirements under both California law and the Americans with Disabilities
19  Act of 1990.

20    26.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the HOME
21  PLATE CAFÉ and elements of the common areas of the co-operative to be made accessible to
22  meet the requirements of both California law and the Americans with Disabilities Act of 1990,
23  whichever is more restrictive, so long as defendants operate the subject café and other public
24  accommodations as a public facility.

25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1    27.    Plaintiff seeks damages for violation of his civil rights on November 13, 2010,
2 January 16, 2011, February 12, 2011 and March 6, 2011 and seeks statutory damages of not less
3 than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3,
4 for each day after his visit that the trier of fact (court/jury) determines was the date that some or
5 all remedial work should have been completed under the standard that the landlord and tenant had
6 an ongoing duty to identify and remove architectural barriers where it was readily achievable to do
7 so, which deterred plaintiff CRAIG YATES from returning to the subject public
8 accommodation(s) because of his knowledge and/or belief that neither some or all architectural
9 barriers had been removed and that said premises remains inaccessible to persons with disabilities
10 whether a wheelchair user or otherwise.

11    28.    On information and belief, defendants have been negligent in their affirmative duty
12 to identify the architectural barriers complained of herein and negligent in the removal of some or
13 all of said barriers.

14    29.    Because of defendants' violations, plaintiff and other persons with physical
15 disabilities are unable to use public facilities such as those owned and operated by defendants on a
16 "full and equal" basis unless such facility is in compliance with the provisions of the Americans
17 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
18 other accessibility law as plead herein. Plaintiff seeks an order from this court compelling
19 defendants to make the common areas of the cooperative public accommodations and HOME
20 PLATE CAFÉ accessible to persons with disabilities.

21    30.    On information and belief, defendants have intentionally undertaken to modify and
22 alter existing building(s) and common areas, and have failed to make them comply with
23 accessibility requirements under the requirements of ADAAG and California Building Code.
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1  The acts and omission of defendants, and each of them, in failing to provide the required
2  accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied
3  malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with
4  a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated
5  persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to
6  make a more profound example of defendants, and each of them, to other operators and landlords
7  of other cooperatives comprised of public accommodations and other public facilities, and to
8  punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

9        31.     Plaintiff is informed and believes and therefore alleges that defendants
10  NICHOLAS W. JOHNSON and TERRI PIPER-JOHNSON, CO-TRUSTEES of the NICK
11  JOHNSON and TERRI PIPER-JOHNSON, 2005 TRUST, UAD OCTOBER 17, 2005;
12  REBECCA FISHER STORY and WALLACE L. AMUNDSON, TRUSTEES of the REBECCA
13  C. FISHER TRUST dated OCTOBER 17, 2005; MATTHEW HOWELL; JAMES AGAPOFF
14  JR.; and MARY PEGEEN CARDOZA, an individual dba HOME PLATE CAFÉ, and each of
15  them, caused the subject building(s) which constitute the public accommodations of the
16  cooperatives and HOME PLATE CAFE to be constructed, altered and maintained in such a
17  manner that persons with physical disabilities were denied full and equal access to, within and
18  throughout said building(s) of the cooperative and were denied full and equal use of said public
19  facilities. Furthermore, on information and belief, defendants have continued to maintain and
20  operate said public accommodations, elements and facilities of the cooperative and HOME
21  PLATE CAFÉ and/or its building(s) in such conditions up to the present time, despite actual and
22  constructive notice to such defendants that the configuration of the facilities of the cooperative
23  and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as
24  plaintiff CRAIG YATES, and other members of the disability community. Such construction,
25  modification, ownership, operation, maintenance and practices of such public facilities are in
26  violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42
27  U.S.C. §12101, *et seq.*

28

1        32.    On personal knowledge, information and belief, the basis of defendants' actual and
2 constructive notice that the physical configuration of the facilities including, but not limited to,
3 architectural barriers constituting the HOME PLATE CAFÉ and/or building(s) was in violation of
4 the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited
5 to, communications with invitees and guests, plaintiff CRAIG YATES himself, and businesses,
6 notices they obtained from governmental agencies upon modification, improvement, or substantial
7 repair of the subject premises and other properties owned by these defendants, newspaper articles
8 and trade publications regarding the Americans with Disabilities Act of 1990 and other access
9 laws, public service announcements by former U.S. Attorney General Janet Reno between 1993
10 and 2000, and other similar information. Defendants' failure, under state and federal law, to make
11 the common areas of the cooperative and HOME PLATE CAFE accessible is further evidence of
12 defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with
13 disabilities. Despite being informed of such effect on plaintiff and other persons with physical
14 disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and
15 willfully refused to take any steps to rectify the situation and to provide full and equal access for
16 plaintiff and other persons with physical disabilities to the cooperative and HOME PLATE CAFÉ.
17 Said defendants, and each of them, have continued such practices, in conscious disregard for the
18 rights of plaintiff and other persons with physical disabilities, up to the date of filing of this
19 complaint, and continuing thereon. Defendants had further actual knowledge of the architectural
20 barriers referred to herein by virtue of the demand letter addressed to the defendants and served
21 concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was
22 and is having on plaintiff and other persons with physical disabilities, constitutes despicable
23 conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated
24 persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

25        33.    Plaintiff CRAIG YATES and the disability community, consisting of persons with
26 disabilities, would, could and will return to the subject public accommodation when it is made
27 accessible to persons with disabilities.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

I.    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
      ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
      DISABILITIES ACT OF 1990 (42 U.S.C. §12101,** *et seq.***)**
      (On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants
      NICHOLAS W. JOHNSON and TERRI PIPER-JOHNSON, CO-TRUSTEES of the NICK
      JOHNSON and TERRI PIPER-JOHNSON, 2005 TRUST, UAD OCTOBER 17, 2005;
      REBECCA FISHER STORY and WALLACE L. AMUNDSON, TRUSTEES of the
      REBECCA C. FISHER TRUST dated OCTOBER 17, 2005; MATTHEW HOWELL;
      JAMES AGAPOFF JR.; and MARY PEGEEN CARDOZA, an individual dba HOME
      PLATE CAFÉ, inclusive)
      (42 U.S.C. §12101, *et seq.*)

34.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 33 of this complaint.

35.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

§12101 regarding persons with physical disabilities, finding that laws were needed to more fully

protect:

> some 43 million Americans with one or more physical or mental
> disabilities; [that] historically society has tended to isolate and
> segregate individuals with disabilities; [that] such forms of
> discrimination against individuals with disabilities continue to be a
> serious and pervasive social problem; [that] the nation's proper
> goals regarding individuals with disabilities are to assure equality of
> opportunity, full participation, independent living and economic
> self-sufficiency for such individuals; [and that] the continuing
> existence of unfair and unnecessary discrimination and prejudice
> denies people with disabilities the opportunity to compete on an
> equal basis and to pursue those opportunities for which our free
> society is justifiably famous.

36.    Congress stated as its purpose in passing the Americans with Disabilities Act of

1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive
> national mandate for the elimination of discrimination against
> individuals with disabilities; (2) to provide clear, strong, consistent,
> enforceable standards addressing discrimination against individuals
> with disabilities; (3) to ensure that the Federal government plays a
> central role in enforcing the standards established in this act on
> behalf of individuals with disabilities; and (4) to invoke the sweep
> of Congressional authority, including the power to enforce the 14th
> Amendment and to regulate commerce, in order to address the
> major areas of discrimination faced day to day by people with
> disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

37.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

>       (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
>               ---
>
>       (B) a restaurant, bar or other establishment serving food or drink;
>
>       (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment; and
>
>       (F) a laundromat, dry-cleaner, bank, barber shop, beauty parlor, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital or other service establishment.
>
> 42 U.S.C. §12181(7)(B)(E) and (F)

38.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

///

///

///

///

///

///

///

///

///

///

1      39.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

2   42 U.S.C. §12182(b)(2)(a) are:

3              (I)    the imposition or application of eligibility criteria
that screen out or tend to screen out an individual with a disability
4   or any class of individuals with disabilities from fully and equally
enjoying any goods, services, facilities, privileges, advantages, or
5   accommodations, unless such criteria can be shown to be necessary
for the provision of the goods, services, facilities, privileges,
6   advantages, or accommodations being offered;

7             (ii)    a failure to make reasonable modifications in
policies, practices, or procedures, when such modifications are
8   necessary to afford such goods, services, facilities, privileges,
advantages or accommodations to individuals with disabilities,
9   unless the entity can demonstrate that making such modifications
would fundamentally alter the nature of such goods, services,
10   facilities, privileges, advantages, or accommodations;

11            (iii)    a failure to take such steps as may be necessary to
ensure that no individual with a disability is excluded, denied
12   services, segregated or otherwise treated differently than other
individuals because of the absence of auxiliary aids and services,
13   unless the entity can demonstrate that taking such steps would
fundamentally alter the nature of the good, service, facility,
14   privilege, advantage, or accommodation being offered or would
result in an undue burden;

15

16            (iv)    a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
17   facilities . . . where such removal is readily achievable; and

18            (v)    where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to
19   make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such
methods are readily achievable.

20 The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

21 Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

22 January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

23 §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1    40.    The removal of the barriers complained of by plaintiff as hereinabove alleged were
2  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of co-
3  operative and HOME PLATE CAFÉ pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On
4  information and belief, if the removal of all the barriers complained of herein together was not
5  "readily achievable," the removal of each individual barrier complained of herein was "readily
6  achievable."  On information and belief, defendants' failure to remove said barriers was likewise
7  due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182
8  (b)(2)(A)(i)and (ii).

9    41.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
10  accomplishable and able to be carried out without much difficulty or expense."  The statute
11  defines relative "expense" in part in relation to the total financial resources of the entities
12  involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that
13  plaintiff complains of herein were and are "readily achievable" by the defendants under the
14  standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was
15  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
16  make the required services available through alternative methods which were readily achievable.

17    42.    On information and belief, construction work on, and modifications of, the subject
18  building(s) of the cooperative and it's common areas occurred after the compliance date for the
19  Americans with Disabilities Act, January 26, 1992, independently triggering access requirements
20  under Title III of the ADA.

21    43.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
22  seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
23  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
24  of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
25  to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or
26  making use of the public facilities complained of herein so long as the premises and defendants'
27  policies bar full and equal use by persons with physical disabilities.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1    44.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
2  disability to engage in a futile gesture if such person has actual notice that a person or
3  organization covered by this title does not intend to comply with its provisions." Pursuant to this
4  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about
5  March 6, 2011, but on information and belief, alleges that defendants have continued to violate
6  the law and deny the rights of plaintiff and of other persons with physical disabilities to access this
7  public accommodation and common areas thereof.  Pursuant to 42 USC §12188(a)(2), "In cases of
8  violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to
9  make such facilities readily accessible to and usable by individuals with disabilities to the extent
10 required by this title."

11   45.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights
12 Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
13 the Americans with Disabilities Act of 1990, including but not limited to an order granting
14 injunctive relief and attorneys' fees.  Plaintiff will seek attorneys' fees conditioned upon being
15 deemed to be the prevailing party.

16 **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
        IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
17    (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants
        NICHOLAS W. JOHNSON and TERRI PIPER-JOHNSON, CO-TRUSTEES of the NICK
18    JOHNSON and TERRI PIPER-JOHNSON, 2005 TRUST, UAD OCTOBER 17, 2005;
        REBECCA FISHER STORY and WALLACE L. AMUNDSON, TRUSTEES of the
19    REBECCA C. FISHER TRUST dated OCTOBER 17, 2005; MATTHEW HOWELL;
        JAMES AGAPOFF JR.; and MARY PEGEEN CARDOZA, an individual dba HOME
20    PLATE CAFÉ, inclusive)
        (California Civil Code §§54, 54.1, 54.3, *et seq.)*
21

22    46.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the
23 allegations contained in paragraphs 1 through 45 of this complaint.
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    47.    At all times relevant to this action, California Civil Code §54 has provided that

2    persons with physical disabilities are not to be discriminated against because of physical handicap

3    or disability. This section provides that:

4            (a) Individuals with disabilities . . . have the same rights as
             the general public to full and free use of the streets, highways,
5            sidewalks, walkways, public buildings, medical facilities, including
             hospitals, clinics, and physicians' offices, and other public places.

6
     48.    California Civil Code §54.1 provides that persons with disabilities shall not be
7
     denied full and equal access to places of public accommodation or facilities:
8
             (a)(1) Individuals with disabilities shall be entitled to full
9            and equal access, as other members of the general public, to
             accommodations, advantages, facilities, medical facilities, including
10           hospitals, clinics, and physicians' offices, and privileges of all
             common carriers, airplanes, motor vehicles, railroad trains,
11           motorbuses, streetcars, boats, or any other public conveyances or
             modes of transportation (whether private, public, franchised,
12           licensed, contracted, or otherwise provided), telephone facilities,
             adoption agencies, private schools, hotels, lodging places, places of
13           public accommodation, amusement or resort, and other places to
             which the general public is invited, subject only to the conditions
14           and limitations established by law, or state or federal regulation, and
             applicable alike to all persons.
15
             Civil Code §54.1(a)(1)
16
     49.    California Civil Code §54.1 further provides that a violation of the Americans with
17
     Disabilities Act of 1990 constitutes a violation of section 54.1:
18
             (d) A violation of the right of an individual under the
19           Americans with Disabilities Act of 1990 (Public Law 101-336) also
             constitutes a violation of this section, and nothing in this section
20           shall be construed to limit the access of any person in violation of
             that act.
21
             Civil Code §54.1(d)
22
     50.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1
23
     whose rights have been infringed upon and violated by the defendants, and each of them, as
24
     prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants
25
     knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil
26
     Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to
27
     defendants' common areas of the cooperative and HOME PLATE CAFÉ.
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in

2 accordance with California Civil Code §54.3(a) for each day on which he visited or have been

3 deterred from visiting the common areas of the cooperative and HOME PLATE CAFE because of

4 his knowledge and belief that the common areas of the co-operative and HOME PLATE CAFÉ is

5 inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

6                    Any person or persons, firm or corporation, who denies or interferes
                     with admittance to or enjoyment of the public facilities as specified
7                    in Sections 54 and 54.1 or otherwise interferes with the rights of an
                     individual with a disability under Sections 54, 54.1 and 54.2 is
8                    liable for each offense for the actual damages and any amount as
                     may be determined by a jury, or the court sitting without a jury, up
9                    to a maximum of three times the amount of actual damages but in
                     no case less than . . .one thousand dollars ($1,000) and . . .
10                   attorney's fees as may be determined by the court in addition
                     thereto, suffered by any person denied any of the rights provided in
11                   Sections 54, 54.1 and 54.2.

12           Civil Code §54.3(a)

13           51.    On or about November 13, 2010, January 16, 2011, February 12, 2011 and March

14 6, 2011, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff

15 CRAIG YATES was denied access to common signage, common parking, entrance(s), unisex

16 restroom and other public facilities as stated herein at the common areas of the cooperative and

17 HOME PLATE CAFE and on the basis that plaintiff CRAIG YATES was a person with physical

18 disabilities.

19           52.    As a result of the denial of equal access to defendants' facilities due to the acts and

20 omissions of defendants, and each of them, in owning, operating and maintaining these subject

21 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

22 rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical

23 discomfort, bodily injury on or about November 13, 2010, January 16, 2011, February 12, 2011

24 and March 6, 2011, including, but not limited to, fatigue, stress, strain and pain in wheeling and

25 attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.

26 Specifically, as a legal result of defendants negligence in the design, construction and

27 maintenance of the existing entry door pressure, plaintiff suffered continuous, repetitive and

28 cumulative trauma to his right upper extremity while attempting to open the entry door.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

1   53. Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
2   anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
3   and worry, all of which are expectedly and naturally associated with a denial of access to a person
4   with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
5   omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
6   person or an entity that represents persons with physical disabilities and unable, because of the
7   architectural barriers created and maintained by the defendants in violation of the subject laws, to
8   use the public facilities hereinabove described on a full and equal basis as other persons.

9   54. Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
10  seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
11  as a person or an entity that represents persons with physical disabilities on or about November
12  13, 2010, January 16, 2011, February 12, 2011 and March 6, 2011, and on a continuing basis
13  since then, including statutory damages, a trebling of all of actual damages, general and special
14  damages available pursuant to §54.3 of the Civil Code according to proof.

15  55. As a result of defendants', and each of their, acts and omissions in this regard,
16  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce
17  plaintiff's rights and enforce the provisions of the law protecting access for persons with physical
18  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
19  the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all
20  reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
21  plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to
22  compel the defendants to make their facilities accessible to all members of the public with
23  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
24  the provisions of §1021.5 of the Code of Civil Procedure.
25  ///
26  ///
27  ///
28  ///

1  **III.  THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
   **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
2  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants
   NICHOLAS W. JOHNSON and TERRI PIPER-JOHNSON, CO-TRUSTEES of the NICK
3  JOHNSON and TERRI PIPER-JOHNSON, 2005 TRUST, UAD OCTOBER 17, 2005;
   REBECCA FISHER STORY and WALLACE L. AMUNDSON, TRUSTEES of the
4  REBECCA C. FISHER TRUST dated OCTOBER 17, 2005; MATTHEW HOWELL;
   JAMES AGAPOFF JR.; and MARY PEGEEN CARDOZA, an individual dba HOME
5  PLATE CAFÉ, inclusive)
   (Health & Safety Code §19955, *et seq.*)
6
       56.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
7
   the allegations contained in paragraphs 1 through 55 of this complaint.
8
       57.    Health & Safety Code §19955 provides in pertinent part:
9
            The purpose of this part is to insure that public accommodations or
10          facilities constructed in this state with private funds adhere to the
            provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
11          of Title 1 of the Government Code. For the purposes of this part
            "public accommodation or facilities" means a building, structure,
12          facility, complex, or improved area which is used by the general
            public and shall include auditoriums, hospitals, theaters, restaurants,
13          hotels, motels, stadiums, and convention centers. When sanitary
            facilities are made available for the public, clients or employees in
14          such accommodations or facilities, they shall be made available for
            the handicapped.
15
       58.    Health & Safety Code §19956, which appears in the same chapter as §19955,
16
   provides in pertinent part, "accommodations constructed in this state shall conform to the
17
   provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government
18
   Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all
19
   public accommodations constructed or altered after that date. On information and belief, portions
20
   of the co-operative and HOME PLATE CAFÉ and/or of the building(s) were constructed and/or
21
   altered after July 1, 1970, and substantial portions of the co-operative and HOME PLATE CAFÉ
22
   and/or the building(s) had alterations, structural repairs, and/or additions made to such public
23
   accommodations after July 1, 1970, thereby requiring said co-operative and HOME PLATE
24
   CAFE and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health
25
   & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code
26
   §19959.
27
28

59. Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the co-operative and HOME PLATE CAFE and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Code.

60. Cooperatives and other public accommodations such as the HOME PLATE are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

61. As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil rights and plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

62. Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiff's own interests and in order to enforce an important right affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

1  Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil

2  Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and litigation

3  expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).  Plaintiff

4  will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

5       63.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of

6  them, to make the subject place of public accommodation readily accessible to and usable by

7  persons with disabilities.

8  **IV.  FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

9  **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**

10  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants NICHOLAS W. JOHNSON and TERRI PIPER-JOHNSON, CO-TRUSTEES of the NICK

11  JOHNSON and TERRI PIPER-JOHNSON, 2005 TRUST, UAD OCTOBER 17, 2005; REBECCA FISHER STORY and WALLACE L. AMUNDSON, TRUSTEES of the

12  REBECCA C. FISHER TRUST dated OCTOBER 17, 2005; MATTHEW HOWELL; JAMES AGAPOFF JR.; and MARY PEGEEN CARDOZA, an individual dba HOME

13  PLATE CAFÉ, inclusive)
(Civil Code §51, 51.5)

14

15       64.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 63 of this complaint.

16

17       65.    Defendants' actions and omissions and failure to act as a reasonable and prudent

public accommodation in identifying, removing and/or creating architectural barriers, policies,

18

practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

19

Unruh Act provides:

20

21      This section shall be known, and may be cited, as the Unruh Civil Rights Act.

22      All persons within the jurisdiction of this state are free and

23  equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal

24  accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

25      This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is

26  applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

2

3

4

5

6

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

7

8

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

9

"intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

10

failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

11

failing to act to identify and remove barriers can be construed as a "negligent per se" act of

12

defendants, and each of them.

13

    66.    The acts and omissions of defendants stated herein are discriminatory in nature and

14

in violation of Civil Code §51.5:

15

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

16

17

18

19

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

20

21

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

22

23

24

25

26

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1    67.    Defendants' acts and omissions as specified have denied to the plaintiff full and
2  equal accommodations, advantages, facilities, privileges and services in a business establishment,
3  on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil
4  Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A
5  violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public
6  Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates
7  the entirety of his above cause of action for violation of the Americans with Disabilities Act at
8  §34, *et seq.*, as if repled herein.

9    68.    As a result of the denial of equal access to defendants' facilities due to the acts and
10  omissions of defendants, and each of them, in owning, operating and maintaining these subject
11  public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
12  rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical
13  discomfort, bodily injury on or about November 13, 2010, January 16, 2011, February 12, 2011
14  and March 6, 2011, including, but not limited to, fatigue, stress, strain and pain in wheeling and
15  attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.
16  Specifically, as a legal result of defendants negligence in the design, construction and
17  maintenance of the existing entry door pressure, plaintiff suffered continuous, repetitive and
18  cumulative trauma to his right upper extremity while attempting to open the entry door.

19    69.    Further, plaintiff CRAIG YATES suffered mental distress, mental
20  suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,
21  disappointment and worry, all of which are expectedly and naturally associated with a denial of
22  access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.
23  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole
24  basis that plaintiff is a person or an entity that represents persons with physical disabilities and
25  unable, because of the architectural barriers created and maintained by the defendants in violation
26  of the subject laws, to use the public facilities hereinabove described on a full and equal basis as
27  other persons.

28  ///

1       70.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

2 of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

3 mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

4 allowed by statute, according to proof if deemed to be the prevailing party.

5 **PRAYER:**

6       Plaintiff prays that this court award damages and provide relief as follows:

7 **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A**
      **PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
8       **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101,** *et seq.***)**
      (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants
9       NICHOLAS W. JOHNSON and TERRI PIPER-JOHNSON, CO-TRUSTEES of the NICK
      JOHNSON and TERRI PIPER-JOHNSON, 2005 TRUST, UAD OCTOBER 17, 2005;
10     REBECCA FISHER STORY and WALLACE L. AMUNDSON, TRUSTEES of the
      REBECCA C. FISHER TRUST dated OCTOBER 17, 2005; MATTHEW HOWELL;
11     JAMES AGAPOFF JR.; and MARY PEGEEN CARDOZA, an individual dba HOME
      PLATE CAFÉ, inclusive)
12     (42 U.S.C. §12101, *et seq.*)

13       1.    For injunctive relief, compelling defendants NICHOLAS W. JOHNSON and

14 TERRI PIPER-JOHNSON, CO-TRUSTEES of the NICK JOHNSON and TERRI PIPER-

15 JOHNSON, 2005 TRUST, UAD OCTOBER 17, 2005; REBECCA FISHER STORY and

16 WALLACE L. AMUNDSON, TRUSTEES of the REBECCA C. FISHER TRUST dated

17 OCTOBER 17, 2005; MATTHEW HOWELL; JAMES AGAPOFF JR.; and MARY PEGEEN

18 CARDOZA, an individual dba HOME PLATE CAFÉ, inclusive, to make the HOME PLATE

19 CAFÉ and surrounding common areas of other public accommodations making up the

20 cooperative, located at 2448 Foothill Boulevard, Calistoga, California, readily accessible to and

21 usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable

22 modifications in policies, practice, eligibility criteria and procedures so as to afford full access to

23 the goods, services, facilities, privileges, advantages and accommodations being offered.

24       2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

25 prevailing party; and

26       3.    For such other and further relief as the court may deem proper.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

II.    **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3,** *ET SEO.*
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants NICHOLAS W. JOHNSON and TERRI PIPER-JOHNSON, CO-TRUSTEES of the NICK JOHNSON and TERRI PIPER-JOHNSON, 2005 TRUST, UAD OCTOBER 17, 2005; REBECCA FISHER STORY and WALLACE L. AMUNDSON, TRUSTEES of the REBECCA C. FISHER TRUST dated OCTOBER 17, 2005; MATTHEW HOWELL; JAMES AGAPOFF JR.; and MARY PEGEEN CARDOZA, an individual dba HOME PLATE CAFÉ, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendants NICHOLAS W. JOHNSON and TERRI PIPER-JOHNSON, CO-TRUSTEES of the NICK JOHNSON and TERRI PIPER-JOHNSON, 2005 TRUST, UAD OCTOBER 17, 2005; REBECCA FISHER STORY and WALLACE L. AMUNDSON, TRUSTEES of the REBECCA C. FISHER TRUST dated OCTOBER 17, 2005; MATTHEW HOWELL; JAMES AGAPOFF JR.; and MARY PEGEEN CARDOZA, an individual dba HOME PLATE CAFÉ, inclusive, to make the HOME PLATE CAFÉ and surrounding common areas of other public accommodations making up the cooperative, located at 2448 Foothill Boulevard, Calistoga, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation.

3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.    Treble damages pursuant to Civil Code §54.3;

5.    General damages according to proof;

6.    For all costs of suit;

7.    Prejudgment interest pursuant to Civil Code §3291; and

8.    Such other and further relief as the court may deem just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **III.  PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE**
    **SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
2   **§19955,** *ET. SEQ.*
    (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants
3   NICHOLAS W. JOHNSON and TERRI PIPER-JOHNSON, CO-TRUSTEES of the NICK
    JOHNSON and TERRI PIPER-JOHNSON, 2005 TRUST, UAD OCTOBER 17, 2005;
4   REBECCA FISHER STORY and WALLACE L. AMUNDSON, TRUSTEES of the
    REBECCA C. FISHER TRUST dated OCTOBER 17, 2005; MATTHEW HOWELL;
5   JAMES AGAPOFF JR.; and MARY PEGEEN CARDOZA, an individual dba HOME
    PLATE CAFÉ, inclusive)
6   (Health & Safety code §19955, *et seq.*)

7        1.        For injunctive relief, compelling defendants NICHOLAS W. JOHNSON and

8 TERRI PIPER-JOHNSON, CO-TRUSTEES of the NICK JOHNSON and TERRI PIPER-

9 JOHNSON, 2005 TRUST, UAD OCTOBER 17, 2005; REBECCA FISHER STORY and

10 WALLACE L. AMUNDSON, TRUSTEES of the REBECCA C. FISHER TRUST dated

11 OCTOBER 17, 2005; MATTHEW HOWELL; JAMES AGAPOFF JR.; and MARY PEGEEN

12 CARDOZA, an individual dba HOME PLATE CAFÉ, inclusive, to make the HOME PLATE

13 CAFÉ and surrounding common areas of other public accommodations making up the

14 cooperative, located at 2448 Foothill Boulevard, Calistoga, California, readily accessible to and

15 usable by individuals with disabilities, per state law.

16       2.        For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

17 alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

18       3.        For all costs of suit;

19       4.        For prejudgment interest pursuant to Civil Code §3291;

20       5.        Such other and further relief as the court may deem just and proper.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29

1  **IV.     PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
          FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
2  **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
          CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
3      (On Behalf of Plaintiff CRAIG YATES, an individual and Against
          Defendants NICHOLAS W. JOHNSON and TERRI PIPER-JOHNSON, CO-TRUSTEES
4      of the NICK JOHNSON and TERRI PIPER-JOHNSON, 2005 TRUST, UAD OCTOBER
          17, 2005; REBECCA FISHER STORY and WALLACE L. AMUNDSON, TRUSTEES of
5      the REBECCA C. FISHER TRUST dated OCTOBER 17, 2005; MATTHEW HOWELL;
          JAMES AGAPOFF JR.; and MARY PEGEEN CARDOZA, an individual dba HOME
6      PLATE CAFÉ, inclusive)
          (California Civil Code §§51, 51.5, *et seq.*)
7

8          1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and

9  for each occasion on which plaintiff was deterred from returning to the subject public

10  accommodation;

11         2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

12  party;

13         3.     General damages according to proof;

14         4.     Treble damages pursuant to Civil Code §52(a);

15         5.     For all costs of suit;

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    6.    Prejudgment interest pursuant to Civil Code §3291; and

2    7.    Such other and further relief as the court may deem just and proper.

3

4  Dated: ___3/10/11___, 2011      THOMAS E. FRANKOVICH,
                                   *A PROFESSIONAL LAW CORPORATION*

5

6

7                                  By: _____
                                       THOMAS E. FRANKOVICH
8                                      Attorneys for Plaintiff CRAIG YATES, an individual

9

10                          **DEMAND FOR JURY TRIAL**

11   Plaintiff hereby demands a jury for all claims for which a jury is permitted.

12

13  Dated: ___3/10/11___, 2011      THOMAS E. FRANKOVICH,
                                   *A PROFESSIONAL LAW CORPORATION*

14

15

16                                 By: _____
                                       THOMAS E. FRANKOVICH
17                                     Attorneys for Plaintiff CRAIG YATES, an individual

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

31

Legal Tabs Co. 1-800-322-3022

Recycled Stock # R DOA-10-B

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

November 18, 2010

Manager
Home Plate
2448 Foothill Blvd
Calistoga, Ca 94515

Dear Manager of Home Plate:

Recently, I visited Home Plate. The food was quite good and reasonably priced. That part of my experience was good. However, there are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with not having a place to park my van which has a lift, struggling with door pressure and not being able to have use of a restroom. That part of my experience was not good.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your heads and hands together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you!, let me stress that you please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access then you will know what to look at and what needs to be done. Much of the work can be done by a handyman. Also, look into the $10,000 tax credit for providing access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get my letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

November 18, 2010

Owner of Building
Home Plate
2448 Foothill Blvd
Calistoga, Ca 94515

Dear Owner of Building for Home Plate:

Recently, I visited Home Plate. The food was quite good and reasonably priced. That part of my experience was good. However, there are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with not having a place to park my van which has a lift, struggling with door pressure and not being able to have use of a restroom. That part of my experience was not good.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your heads and hands together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you!, let me stress that you please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access then you will know what to look at and what needs to be done. Much of the work can be done by a handyman. Also, look into the $10,000 tax credit for providing access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get my letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks.

Sincerely,

Craig Yates

**Mary Cardoza**
**2448 Foothill Blvd.**
**Calistoga, California 94515**
**(707) 942-5646**

November 29, 2010

Craig Yates
1004 Los Gamos Rd. Unit 3
Sam Rafael, California 94903

Re <u>Home Plate Accessibility Complaints</u>

Dear Mr. Yates

I received your letter dated November 18, 2010 regarding your complaints about Home Plate restaurant located at 2448 Foothill Blvd, Calistoga, California. I am sorry that I did not respond earlier but the Thanksgiving Holiday took most of my time.

I am sorry that you did not have the best experience at our restaurant. I am also quite surprised about your concerns. Many disabled patrons have come to our restaurant over the years and never raised any issues about our parking for vans with lifts, our front doorway, or our restroom facilities. I have personally communicated with these customers and established good relationships with them. They keep coming back without even a word of discontent.

As you know we have parking space/curb access which easily accommodates vans with lifts and wheelchair access. So I am not sure why you would have had any problem parking. In addition, I have never witnessed any of our patrons with wheelchairs experience any difficulties with the pressure of our front door or with using our restroom facilities.

We are a very small business struggling to keep our doors open in this extremely challenging economy. So we value every one of our customers. At this point, I intend to have a general contractor review the premises to determine whether there are any compliance issues. I am not certain what issues would need to be addressed by the landlord.

If necessary, I will also look into hiring an architect with an ADA specialty to review our operations/layout and advise us on how we can make improvements without having to close our business due to exorbitant costs.

If you have questions or comments please give me a call. Thank you for your courtesies and understanding.

Sincerely;

Mary Cardoza

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

December 16, 2010

Manager
Home Plate
2448 Foothill Blvd
Calistoga, Ca 94515

Dear Manager of Home Plate:

Thank you for your letter of November 29, 2010. I guess in my first letter I did not make it clear that when the parking for disabled persons is not clearly marked it creates a lot of problems. Cars can pull next to you and not leave any room to deploy the lift. That has happened to me a lot. Also, the handicap parking spaces should be as close to the entrances as possible. When the spaces are not marked everyone always looks for parking spaces that are closest to the entrance. Well, when you use a wheelchair and you have to park away from the entrance (sometimes I've had to park real far away) you can get pretty tired wheeling yourself, especially if the parking lot is not flat.

When I was in your restaurant the tables were not accessible for wheelchairs, the door pressure was really high - you should have it checked. When I tried to get to the restroom I couldn't because there was no room to maneuver and the restroom door had a door knob and not levered hardware.

You mentioned in your letter that you would hire and ADA specialist to look at your restaurant. I think you will find out that a lot can be done to make your restaurant more accessible. Thank you for your concern and willingness to look into this situation.

Sincerely,

Craig Yates